IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRENDA F. MORTON                                                    PLAINTIFF

vs.                          Civil No. 4:10-cv-04007

MICHAEL J. ASTRUE                                                   DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Brenda F. Morton ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff protectively filed an application for DIB on January 16, 2008. (Tr. 8, 87). In her application, Plaintiff alleged she was disabled due to fibromyalgia and arthritis. (Tr. 99). Plaintiff alleged an onset date of May 11, 2007. (Tr. 72, 87, 99). This application was denied initially and again upon reconsideration. (Tr. 47-48). Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 59-68).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. _____" The transcript pages for this case are referenced by the designation "Tr."

An administrative hearing was held on March 10, 2009 in San Antonio, Texas.  (Tr. 21-46). Plaintiff was present and was represented by non-attorney counsel, Stanley W. Brummal, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") Judith Harper testified at this hearing.  *Id.*  On the date of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had received her high school diploma.  (Tr. 24-25).

On May 11, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB.  (Tr. 8-20).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012.  (Tr. 10, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 11, 2007, her alleged onset date.  (Tr. 10, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: fibromyalgia, headaches, cervicalgia, lumbargo, and dysthymia.  (Tr. 11, Finding 3).  The ALJ also determined none of Plaintiff's impairments, singularly or in combination, met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 11-14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-18, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to do light work, including lift/carry 20 pounds occasionally and 10 pounds frequently, stand or walk for 6 hours in an 8-hour workday, sit without limitation, occasionally stoop, bend, crouch, crawl, and kneel, and no work around hazards.  Additionally, she is limited to simple jobs only.

(Tr. 14-18, Finding 5).

2

The ALJ evaluated Plaintiff's PRW ("PRW"). (Tr. 18-19, Finding 6). The ALJ determined Plaintiff's PRW included work as a secretary (sedentary, skilled) and hardware salesperson (light, semi-skilled). *Id.* Based upon her RFC, the ALJ determined Plaintiff was unable to perform her PRW. *Id.* The ALJ also determined, however, that there was other work Plaintiff could perform in the national economy, considering her age, education, work experience, and RFC. (Tr. 19-20, Finding 10). The ALJ based this finding upon the testimony of the VE. *Id.*

The VE testified, considering all Plaintiff's vocational factors, a hypothetical person would be able to perform the requirements of representative occupations such as (1) order clerk – food and beverage (sedentary, unskilled) with 14,000 such jobs in Arkansas and 500,000 such jobs in the nation; (2) charge account clerk (sedentary, unskilled) with 4,000 such jobs in Arkansas and 665,000 such jobs in the nation; and (3) surveillance system monitor (sedentary, unskilled) with 3,500 such jobs in Arkansas and 800,000 such jobs in the nation. (Tr. 19-20). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from May 11, 2007 through the date of his decision or through May 11, 2009. (Tr. 20, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 70-71). *See* 20 C.F.R. § 404.968. On November 4, 2009, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On January 20, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 3, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006);

3

*Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the

claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. <u>Discussion:</u>

In her appeal brief, Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record.  ECF No. 8.  Specifically, Plaintiff claims (A) the ALJ erred when he relied upon an RFC checklist completed by a non-examining physician and (B) the ALJ improperly discounted her subjective complaints of disabling pain.  *Id.*  In response, Defendant argues substantial evidence supports the ALJ's RFC determination.  ECF No. 9 at 1-8.  Specifically, Defendant argues the ALJ properly evaluated Plaintiff's medical records, the transcript as a whole, and her subjective complaints in determining her RFC.  *Id.*  This Court will address both Plaintiff's arguments for reversal.

### A.      Medical Basis for the ALJ's RFC Determination

A claimant's RFC is what he or she can do despite his or her limitations.  20 C.F.R. § 404.1545.  The ALJ has the responsibility to determine a claimant's RFC based upon all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations.  *See Tellez v. Barnhart,* 403 F.3d 953, 957 (8th Cir. 2005).

The claimant has the burden to prove his or her RFC.  *See Baldwin v. Barnhart,* 349 F.3d 549, 556 (8th Cir. 2003).  The ALJ cannot, however, merely rely upon the assessment of a non-examining physician in determining a claimant's functional limitations.  *See Frankl v. Shalala,* 47 F.3d 935, 938 (8th Cir. 1995).  Indeed, such agency "RFC forms cannot constitute substantial evidence that Frankl [the claimant] was capable of performing the full range of light work."  *Id.*

In the present action, the ALJ based his RFC determination for Plaintiff's physical limitations upon medical records from his treating physicians and the opinions of non-examining consulting physicians.  (Tr. 14-19).  Thus, the ALJ relied on *both* Plaintiff's treatment records and the RFC "checklist" forms.  Plaintiff's treatment records are from Dr. Leyka Barbosa of North Texas Joint Care and Dr. Shawn Stussy of the Family Medical Group of Texarkana.  (Tr. 138-204, 215-225, 248-261, 272-285, 287-290).  Dr. Barbosa is a rheumatologist, and Dr. Stussy is a general care physician.  *Id.*

Dr. Barbosa diagnosed and treated Plaintiff for several joint problems, including fibromyalgia.  (Tr. 138-145).  On August 14, 2007, during Plaintiff's most recent appointment with Dr. Barbosa, Dr. Barbosa noted Plaintiff had "a lot of pain from fibromyalgia syndrome."  (Tr. 139).  On that date, Dr. Barbosa also noted Plaintiff's fibromyalgia had become "worse."  (Tr. 140).  Dr. Barbosa does not, however, indicate what functional limitations Plaintiff had as a result of her fibromyalgia.  Based upon the medical records from Dr. Barbosa, it is unclear whether Plaintiff retained the capacity to perform light work during the relevant time period.

It appears from the record, however, that Plaintiff stopped seeking treatment from Dr. Barbosa on August 14, 2007.  (Tr. 139-140).  Notably, she stopped seeing her three months after her alleged onset date of May 11, 2007.  There are no additional medical records past this date, and Plaintiff testified at the administrative hearing on March 10, 2009 that she was no longer seeing a

rheumatologist. (Tr. 35). Such a failure to seek further care indicates Plaintiff's limitations due to her fibromyalgia are not as severe as she has alleged. *See Shannon v. Chater,* 54 F.3d 484, 486 (8th Cir. 1995) (holding "a failure to seek treatment may indicate the relative seriousness of a medical problem").

Instead of seeking follow-up care from Dr. Barbosa, it appears Plaintiff only continued to receive treatment from general practitioner, Dr. Stussy. Dr. Stussy treated Plaintiff from 2006 until 2009. (Tr. 146-204, 215-225, 248-261, 272-285, 287-290). Dr. Stussy's medical records do not establish Plaintiff had any limitations (beyond those found by the ALJ) due to her alleged fibromyalgia or joint pain. *Id.* On February 6, 2009, Plaintiff reported not suffering from joint pain, and she reportedly had a full range of motion in all joints. (Tr. 287-288). On January 9, 2009, Plaintiff sought follow-up treatment from Dr. Stussy for an upper respiratory infection. (Tr. 289). During that appointment, Plaintiff had a full range of motion in her neck and did not report having any other joint problems. (Tr. 289-290).

In her briefing, Plaintiff references medical records from Dr. Stussy regarding Plaintiff's alleged impairments. ECF No. 8 at 4-6. However, with the exception of one of those records (Tr. 179), all of the records she cited are dated before her alleged onset date. *Id.* Thus, those records are not from the relevant time period. Further, the one record she did cite from the relevant time period is dated May 23, 2007, and, in that record, Dr. Stussy notes that Plaintiff suffered from a backache and muscle pain after *horseback riding* and apparently not as a result of her diagnosed fibromyalgia. (Tr. 179). Also, notably, as a part of her next appointment on July 6, 2007, Plaintiff reported suffering from neck and shoulder pain because she was trying to help her husband "learn to shoe horses." (Tr. 181). Finally, on July 13, 2007, Plaintiff also reported suffering from neck, shoulder, back, and wrist

7

pain after she had a four-wheeler accident while with her son.  (Tr. 183).  The fact Plaintiff could engage in those activities indicates she was not suffering from disabling fibromyalgia during the relevant time period.

Her only other reported symptom during her appointment on May 23, 2007 was a headache. Plaintiff's medical records, however, indicate that her headaches are intermittent.  Even though Plaintiff reportedly suffered from these migraines once per month (Tr. 38), her medical records reflect that she did not report suffering from a migraine from May 23, 2007 until February of 2008.  (Tr. 202-204).  Even on February 4, 2008, Plaintiff only reported suffering from a migraine headache as a result of a hit to the back of the head.  *Id.*  Further, Plaintiff reported during this appointment that her migraine pain was only "moderate," the pain was "acute," and the pain had only been occurring in a persistent pattern for 2 days.  *Id.*  Certainly, such an isolated incident does not qualify as disabling. This is especially true since she reported during an appointment later that month with Dr. Stussy that she felt "well with no complaints."  (Tr. 221).

Plaintiff has the burden of establishing the extent to which her claimed limitations impact her RFC.  *See Vossen v. Astrue,* 612 F.3d 1011, 1016 (8th Cir. 2010).  Here, Plaintiff has not cited any medical records demonstrating she is unable to perform light work as found by the ALJ.  ECF No. 8. Further, the medical records from Plaintiff's treating physician, Dr. Stussy, support the ALJ's determination that she can perform light work.  Plaintiff claims the ALJ improperly relied upon "checklist" forms in determining she retains the capacity to perform light work, but the ALJ's RFC determination is also based upon the findings of her treating physician as noted above.  The ALJ only relied upon the findings of these consulting, non-examining physicians to further support the findings of her treating physician.  Thus, this Court finds the ALJ did not err in assessing Plaintiff's RFC based upon her medical records.

### B.      Credibility Determination

Plaintiff alleges the ALJ improperly discounted her subjective complaints of disabling pain and limitations.  ECF No. 8 at 12-17.  Specifically, Plaintiff claims that her strong work history supports her credibility such that the ALJ should have given more weight to her subjective allegations.  *Id.* Plaintiff also claims that, in assessing her credibility, the ALJ did not properly consider her activities of daily living; the opinion of her former employer; the opinion of her mental consultative examining physician; the duration, frequency, and intensity of her pain; and the medications she was prescribed. *Id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ performed a proper *Polaski* analysis.  Although the ALJ did not explicitly state the *Polaski* factors in his opinion, he was not required to do so.  *See Strongson v. Barnhart,* 361 F.3d 1066, 1072 (8th Cir. 2004).  Instead, the ALJ considered the factors from 20 C.F.R. § 404.1529 in his opinion.  (Tr. 14-18).  Such a practice is permitted.  *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007) (permitting the ALJ to analyze the factors from 20 C.F.R. §§ 404.1529 and 416.929 because they "largely mirror the *Polaski* factors").  Thus, the ALJ did not err by not specifically stating the *Polaski* factors in his opinion.

Further, based upon his analysis, the ALJ noted the following inconsistencies between Plaintiff's subjective complaints and the record: (1) despite her alleged limitations, Plaintiff demonstrated the ability to perform a wide range of activities, including the ability to ride horses for over a year beyond her alleged onset date; (2) despite her claim that she suffered from side effects due to her medications, her medical records did not support that allegation; (3) despite her alleged

10

limitations, she was able to perform a wide range of daily activities, including the ability to take care of her pets and other animals and take frequent walks and trips; and (4) despite her claim she was terminated due to the frequent absenteeism resulting her illness, the record and her testimony indicate her frequent absenteeism may have also resulted from her caring for her sick mother. (Tr. 14-18, 39). Such findings are sufficient to satisfy the requirements of *Polaski*, and the ALJ's credibility determination is entitled to deference. *See Finch v. Astrue,* 547 F.3d 933, 935-36 (8th Cir. 2008) (holding that "questions of credibility are for the [ALJ] in the first instance. If an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, we will normally defer to that judgment" (quoting *Karlix v. Barnhart,* 457 F.3d 742, 748 (8th Cir. 2006))).

Indeed, even a factor that weighs in favor of Plaintiff's credibility, such as her strong work history, does not provide a basis for reversing the ALJ's credibility determination. While the ALJ should consider this work history, the ALJ is not required to accept this factor as dispositive in his credibility determination or even reference her work history in his opinion. *See Roberson v. Astrue,* 481 F.3d 1020, 1025 (8th Cir. 2007) (affirming an ALJ's credibility determination where the ALJ failed to address the claimant's consistent work history in his opinion). Plaintiff also references several other factors–including her activities of daily living and medications–which she claim support her subjective complaints of disabling pain. As noted above, however, Plaintiff's extensive daily activities *do not* support her allegedly disabling impairments. Further, the fact Plaintiff was taking strong pain medication is just one factor the ALJ should consider in evaluating her subjective complaints, and the ALJ did not commit reversible error by failing to give greater weight to this factor. Thus, the ALJ did not err in his consideration of these factors.

Additionally, Plaintiff claims the employment questionnaire completed by her employer demonstrates she is disabled, and the ALJ should have considered this questionnaire. As an initial

matter, it does not appear the ALJ specifically referenced this questionnaire in his opinion. (Tr. 8-20). Instead, the ALJ discussed the reason Plaintiff was terminated–excessive absenteeism–and her testimony regarding this issue. *Id.* There does not, however, appear to be any requirement that the ALJ discuss every piece of information included in the transcript. Indeed, while the ALJ must *consider* this evidence, there is no requirement that this evidence actually be discussed in any detail in his opinion. *See Social Security Ruling 96-7p.* In the present action, the ALJ's discussion in his opinion of Plaintiff's reason for termination, and the inconsistencies in her testimony regarding this issue, is sufficient discussion of this issue. Thus, this Court finds the ALJ did not err by failing to specifically address this employment questionnaire in his opinion.

As a final note, Plaintiff also argues the ALJ should have considered the evaluation by her consultative examining mental health physician, Dr. Julia Wood, Ph.D. ECF No. 8 at 15. Notably, Dr. Wood stated the following regarding Plaintiff:

> Claimant is a 47 year old Caucasian American female of average height and weight. She was neatly dressed. Hygiene appeared well maintained. Gait, posture and motor behavior were within normal limits. Pain indicators include repeated shifting in her seat and comments about being in pain. These did not seem to be exaggerated or dramatized.

(Tr. 264). Dr. Wood was, however, only examining Plaintiff for her alleged mental impairments. Dr. Wood does not purport to be Plaintiff's examining physician for her *physical* impairments. (Tr. 262-268). Thus, the ALJ was not required to assign any weight to her opinion regarding Plaintiff's alleged pain. Accordingly, based upon these findings, this Court holds the ALJ did not err in his credibility determination.

### 4. <u>Conclusion:</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

      **ENTERED this 22nd day of March, 2011.**

                 /s/   Barry A. Bryant
                 HON. BARRY A. BRYANT
                 U.S. MAGISTRATE JUDGE